EXHIBIT A.
"Know all men by these presents, that I, Edward C. Allen, of the city and County of Providence, in the State of Rhode Island, surviving partner of the late firm of Greene Allen, which said firm was composed of myself the said Edward C. Allen and one Albert C. Greene, late of said Providence, deceased, in consideration of one dollar to me paid by Clarence A. Aldrich, of said city, county and State, and of the uses, purposes, and trusts hereinafter mentioned and created, do grant, bargain, sell, assign, and convey unto the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns, all the property and estate, of every name, kind, and nature, and wheresoever the same may be situated, that belonged to the late firm of Greene 
Allen at the time of the decease of said Albert C. Greene, and all the property and estate to which said Greene Allen were in any way entitled at the time of the decease of said Albert C. Greene, and all that now belong to me as surviving partner of said firm, together with all the evidences thereof and securities therefor, and including all sums of money due and owing to and belonging to said firm, and to myself as its surviving partner, and all the books of account and papers relating to the same.
"To have and to hold the same with the appurtenances to him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns forever. But upon the special trust, nevertheless, that the said Clarence A. Aldrich shall forthwith take possession and seizin of the same, and within such reasonable time and manner as he shall deem for the best interest of the creditors of said firm, either by public auction or private sale, convert all of said property that is of a salable nature into money, and shall, as soon as possible, collect all sums of money due and owing to said firm, and *Page 659 
to me as surviving partner thereof, and all claims and demands that said firm, and that I as surviving partner thereof, have against any person or persons, in full, if possible, and if not he shall compromise the same on such terms as he may deem for the best interest of said creditors.
"From the proceeds of such sales and collections he shall first pay himself a reasonable compensation for his services in the premises, and all the reasonable and necessary expenses by him incurred in executing the trusts herein created.
"The balance remaining he shall apply first to the payment of wages of labor performed for said firm, and for me as surviving partner thereof, within six months prior to the date of this assignment, and not exceeding one hundred dollars to any one person.
"The surplus still remaining he shall apply in full, if sufficient, and if not, pro rata, to the payment of all other claims and demands against said firm.
"And I do hereby constitute and appoint the said Clarence A. Aldrich the true and lawful attorney irrevocable of said firm of Greene Allen, and of myself as its surviving partner, with full power of substitution, in his name or otherwise as the case may require, to do all such acts, matters, and things in the premises as the said Clarence A. Aldrich, or his substitute, shall deem necessary for the best interests of said creditors, and for the execution of the trusts, uses, and purposes hereinbefore created, as fully and effectually as I could do the same had not this assignment been made.
"And I, the said Clarence A. Aldrich, do hereby accept the preceding deed of assignment, and do covenant, and agree that I will faithfully execute the uses, trusts, and purposes therein created.
"Witness our hands and seals this sixth day of February, A.D. 1882.
 "EDWARD C. ALLEN. [L.S.] Surviving partner of GREENE ALLEN. "CLARENCE A. ALDRICH. [L.S.] "Executed in presence of Z.O. SLOCUM." Acknowledged and recorded. *Page 660 
EXHIBIT B.
"Know all men by these presents, that I, Edward C. Allen, of the city and County of Providence and State of Rhode Island, for and in consideration of the sum of one dollar to me paid by Clarence A. Aldrich, of the city, county, and State aforesaid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, assign, and convey unto him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns, all my property and estate, of every name, kind, and nature, and wheresoever the same may be situated, together with all the evidences thereof and securities therefor, except so much thereof, other than debts secured by bills of exchange and negotiable promissory notes, as is exempted from attachment by statutes of the State and of the United States.
"To have and to hold the same with the appurtenances thereof to him, the said Clarence A. Aldrich, his heirs, executors, administrators, and assigns forever. In trust, nevertheless, for the equal benefit of all my creditors in proportion to their respective claims.
"And I, the said Edward C. Allen, do hereby constitute and appoint the said Clarence A. Aldrich my true and lawful attorney irrevocable, with power of substitution in my name, or in his name, or otherwise, as the case may require, to do all such acts, matters, and things in the premises as shall be necessary for the best interests of my creditors, and for the execution of the trust hereinbefore created, as fully and effectually as I could do the same had not this assignment been made.
"In testimony whereof I have hereunto set my hand and seal at said Providence, this thirteenth day of February, A.D. 1882.
 "EDWARD C. ALLEN. [L.S.] "Executed and delivered in presence of "S.S. LAPHAM." Acknowledged and recorded.
The statutes affecting the matter in question are Pub. Laws R.I. cap. 723, of June 20, 1878, printed ante, p. 156 sq.,
and Pub. Stat. R.I. cap. 237, § 12.
We think the assignment of February 6, 1882, was ineffectual to dissolve the precedent attachment. *Page 661 
It is only a general assignment which under the statute has such an effect, and the assignment of February 6 extended only to partnership property. We think, however, the assignment was valid, since it merely appropriated partnership property to the payment of partnership debts, which is what the law would have done independently of it. The second attachment was therefore unavailing. We think, too, that the assignment of February 11 was ineffectual to dissolve the first attachment, since if the first assignment was valid, the later assignment could not pass the attached property; and we have formerly held that the attachment is dissoluble under the statute only when the debtor still holds the property under attachment and can convey it. Gardner v.Commercial National Bank, ante, pp. 155, 175.
It follows that the plaintiff is entitled to recover the balance remaining after the payment of the judgment of Sussfeld, Lorsch Co. We do not think the direction to attach to the value of $900 can be deemed to have restricted the operation of the attachment to that amount, making it invalid for the excess. The direction should be regarded as permissive, not peremptory.
Judgment accordingly.